UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL MASTEN,

        Plaintiff(s),

v.

AETNA LIFE INSURANCE COMPANY, et al.,

        Defendant(s).

NO. C08-553MJP

ORDER ON PLAINTIFF'S MOTION TO COMPEL

The above-entitled Court, having received and reviewed:

1. Plaintiff's Motion to Compel (Dkt. No. 12)

2. Defendants' Opposition to Plaintiff's Motion to Compel (Dkt. No. 14)

3. Plaintiff's Reply in Support of Motion to Compel Discovery (Dkt. No. 17)

and all attached exhibits and declarations, makes the following ruling:

IT IS ORDERED that the motion is DENIED.

**Discussion**

Plaintiff's counsel brings a near-carbon copy of a motion which was filed and denied in Bartholomew v. UNUM Life Ins. Co., C07-1156MJP; see id., Order on Joint CR 37 Motion to Compel (Dkt. No. 44). In that ruling, this Court found that, while recent decisions in ERISA litigation[1] have widened (in certain circumstances) the scope of permissible evidence which may be considered in ERISA matters, nothing in recent case law supported Plaintiff's request for expanded discovery in ERISA litigation which amounted to little more than a fishing expedition for possible

---

[1] Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955 (9th Cir. 2006); Saffon v. Wells Fargo & Co. Long Term Disability Plan, 522 F.3d 863 (9th Cir. 2008).

**ORDER ON MTN TO COMPEL - 1**

1  conflicts of interest. Plaintiff's counsel cites no new case law since that decision, nor any

2  distinguishing factual circumstances in the instant matter which might justify a different outcome.

3  Plaintiff does provide a copy of a federal district court opinion from the Eastern District of

4  Washington wherein the judge was persuaded to allow discovery to determine the extent of a conflict

5  of interest of an ERISA plan administrator (which is what Plaintiff seeks by this motion). See Bibb v.

6  Standard Ins. Co., CV-06-3040-RHW. The court in that matter undertook no substantive analysis of

7  the relevant cases which might suggest an interpretation and outcome contrary to the decision in

8  Bartholomew. And, of course, the opinion of another district court is not binding on this Court.

9  Plaintiff also cites Leeson v. Transamerica Disability Income Plan, 27 Fed. Appx. 563 (9th Cir.

10  2008), as a case where "the court identified at least one set of facts that constituted a flagrant violation

11  of ERISA regulations and remanded the case with instructions." Pltf Mtn, p. 6. A close reading of

12  that opinion reveals that the "set of facts" which the court identified came from the administrative

13  record in the matter (not as a result of discovery of extrinsic evidence). 27 Fed. Appx. at 565.

14  Furthermore, the case is based on a pre-Abatie ruling at the district court level and the instructions

15  upon remand were simply to consider the ruling in light of Abatie. Id. at 567. Leeson is neither

16  persuasive nor instructive in this matter.

17  Nothing in the movant's briefing in this matter suggests a different result than the Court

18  previously reached in the identical motion brought in Bartholomew. As a further basis for this ruling,

19  counsel are referred to the more detailed analysis of the relevant cases as it appears in the

20  Bartholomew ruling.

21  This motion will be DENIED.

22  The clerk is directed to provide copies of this order to all counsel of record.

23  Dated: April __9___, 2009

24  _____
Marsha J. Pechman
25  U.S. District Judge

26  **ORDER ON MTN TO COMPEL - 2**